IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES DENNIS REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-007 |
| | ) | |
| SGT. MARIE LAURENCE; CO. II | ) | |
| STRICKLAND; DR. SEWARD, Johnson State | ) | |
| Prison; DR. AVIBADE, Johnson State Prison; | ) | |
| NURSE HALL, Johnson State Prison; CEO | ) | |
| JENNIFER HAIRSINE, Johnson State Prison; | ) | |
| and AUGUSTA STATE MEDICAL PRISON, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, is proceeding *pro se* in this case alleging various constitutional violations at JSP and Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. He originally filed in the Middle District of Georgia, but the claims at issue were subsequently severed and transferred to this District because the events about which he complains occurred in this District.

The Court in the Middle District informed Plaintiff "although these claims are being transferred instead of dismissed from this suit, Plaintiff will still be required to pay the initial filing fee in the Southern District of Georgia, or seek leave to proceed in forma pauperis." (Doc. no. 27, p. 5, n. 3.) Consequently, in its January 18th Order, this Court informed Plaintiff he must file a new motion to proceed *in forma pauperis* ("IFP") should he wish to proceed on his claims.

(Doc. no. 30, p. 1.) Furthermore, the Court instructed Plaintiff to re-file his complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and include all matters he wishes the Court to consider in that one document. (Id. at 2-3.) The Court gave Plaintiff fourteen days to respond to its Order. (Id. at 3.) The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's January 18th Order, nor has he provided the Court with any explanation why he has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Furthermore, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Here, Plaintiff's failure to submit a new IFP motion or amended complaint amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Consequently, a dismissal without prejudice is appropriate.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED AND RECOMMENDED this 7th day of February, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA